UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS FERGUSON, #24645298<br><br>        Petitioner,<br><br>v.<br><br>E. NOONAN, Warden,<br><br>        Respondent. | Case No.: 03:23-cv-0498-RBM-BLM<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

On Mach 17, 2023, Petitioner Nicholas Ferguson ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"). (Doc. 1.) Petitioner raises two grounds for relief: (1) Eighth Amendment right to be free from cruel and unusual punishment, and (2) "[d]enied rights to medical treatment." (Doc. 1 at 6.) Under both grounds for relief, Petitioner contends the doctors and administrative staff at Western Region Detention Facility – San Diego ("WRDF") denied Petitioner "previously prescribed chronos and medication." (*Id.*) For the reasons discussed below, the Court **DISMISSES** the Petition without prejudice.

        I.  **LEGAL STANDARD**

Under Rule 4 of the Rules Governing Section 2254 Cases, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, "the court must summarily dismiss the petition without ordering a responsive pleading." *Mayle v.*

*Felix*, 545 U.S. 644, 656 (2005); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 641, n.1 (9th Cir. 2002). Under 28 U.S.C. Section 2254, a federal court shall entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas corpus proceedings are the proper mechanism for challenging the legality or duration of confinement while a civil rights action is the proper method to challenge conditions of confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).

## II.   DISCUSSION

The Court has screened the instant Petition and finds it clear on its face that Petitioner is not entitled to federal habeas relief. As previously mentioned, habeas corpus proceedings are the proper mechanism for challenging the legality or duration of confinement while a civil rights action is the proper method to challenge conditions of confinement. *See Badea*, 931 F.2d at 574; *see also Wilson v. Ponce*, 465 F. Supp. 3d 1037, 1047 (C.D. Cal. 2020) ("a challenge to conditions of confinement are generally brought pursuant to a civil rights statute, such as § 1983 or *Bivens*"); *Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . requests for relief turning on circumstances of confinement may be presented in a § 1983 action").

Both of Petitioner's grounds for relief appear to be Eighth Amendment cruel and unusual punishment claims alleging the doctors and administrative staff at WRDF denied Petitioner "previously prescribed chronos and medication." (Doc. 1 at 6.) Thus, Petitioner appears to be solely challenging the conditions of his confinement in the facility in which he was incarcerated, and a habeas petition is the improper means to bring such challenge. *See Badea*, 931 F.2d at 574; *Muhammad*, 540 U.S. at 750. Absent any challenge to the legality or duration of Petitioner's confinement, the Petition fails to state a cognizable claim for federal habeas relief. *See Rushing v. California Inst. for Men*, No. 2:20-07737 AB (ADS), 2020 WL 8614226, at *1 (C.D. Cal. Sept. 16, 2020) (summarily dismissing petition

for writ of habeas corpus "[b]ecause Petitioner does not appear to challenge the legality or duration of his confinement").

### III. CONCLUSION

For the foregoing reasons, Petitioner's Petition is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

DATE:  May 18, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE